1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWARD SEELY,

Plaintiff,

v.

ISIDRO BACA, RON SCHRECKENGOST, LISA WALSH, E. K. MCDANIEL, GREG COX, BRIAN SANDOVAL, ROSS MILLER, CATHERINE CORTEZ-MASTO.

Defendants.

Case No.  3:15-cv-00118-MMD-VPC

ORDER

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*, a motion for scheduling order, and a motion for joinder. (Dkt. no. 1, 13, 15.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on October 19, 2015. (Dkt. no. 5.) The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (Dkt. no. 5, 8.) The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (Dkt. no. 14.)

**I.    JOINDER**

The Court must now address the question of whether this action should proceed forward as a single action by multiple plaintiffs. The Court has been presented with

three complaints asserting claims on behalf of three plaintiffs. In all three cases, Plaintiffs allege similar violations of the Eighth Amendment, Americans with Disabilities Act and Rehabilitation Act, and Fourteenth Amendment Equal Protection Clause. Plaintiffs in the other two cases have filed motions to join this case.[1] (Dkt. no. 3 in 3:15-cv-00124-MMD-VPC and dkt. no. 3 in 3:15-cv-00126-MMD-VPC (motions  to join this action: 3:15-cv-00118-MMD-VPC).)

Defendants oppose joinder. (Dkt. no. 16.) Defendants contend that the motion for joinder is no more than an attempt to bypass the Court's previous order denying a class action. (*Id.* at 2:3-4.)

Rule 20 of the Federal Rules of Civil Procedure governs joinder. Rule 20(a) provides that persons may join in one action as plaintiffs if: "(A) they assert any right to relief, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Moreover, under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."  Severance under Rule 21 is not limited solely to curing misjoinder of parties, given that the rule explicitly provides that the court may sever "any" claim against a party.[2] Even if the standard for permissive joinder

---

[1] For purposes of the present review, all nonconclusory allegations of actual fact are accepted as true. No statement summarizing the allegations of the complaint or any other paper submitted constitutes a finding by this Court that the statement in fact is true. The Court is merely summarizing the allegations made in the papers submitted herein.

[2] *See, e.g., Safeco Ins. Co. of America v. White House, Tenn.*, 36 F.3d 540, 545-46 (6th Cir. 1994); *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983); *Spencer, White and Prentis Inc. of Connecticut v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974); *Sporia v. Pennsylvania Greyhound Lines, Inc.*, 143 F.2d 105 (3rd Cir. 1944); *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F.Supp. 505, 506 (D. Md. 1995); *see also Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003) (noting prevailing rule); *see generally* 7 C. Wright, *et al.*, *Federal Practice & Procedure: Civil* § 1682, at 474 (3d ed. 2001) ("The application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party joinder provisions in the federal rules."); 4 J. Moore, *Moore's Federal Practice*, § 21.02, at 21-3 (3d ed. 2013) ("The text of the Rule does not, however, limit its operation to such situations [of improper joinder of parties]. The courts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder *(fn. cont…)*

under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder and sever claims in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.[3] Claims need not be joined if keeping the actions separate will serve the ends of justice and further the prompt and efficient disposition of the litigation.[4] A district court has broad discretion with regard to joinder of claims under Rule 20.[5]

As an initial matter, the two technical requirements for joinder under Rule 20(a) are satisfied here. Plaintiffs allege claims that arise out the same transactions or occurrences and that involve common questions of laws or facts. Plaintiffs' complaints are identical in form, with the exception that they identify the separate conditions suffered by each individual Plaintiff, and each Plaintiff signed his own complaint. (*See, e.g.*, dkt. no. 1-1 at 5, 34.) All three Plaintiffs assert claims for relief stemming from their status as disabled inmates at NNCC. Plaintiffs contend they have effectively been deprived of outdoor exercise, they have been automatically placed into Level II and are unable to progress in the prison's Level System, and they have been purposefully treated differently than similarly situated individuals. All three claims stem from Plaintiffs' physical disabilities. Plaintiffs provide affidavits from numerous other inmates stating

///

---

*(…fn. cont.)*
or nonjoinder of parties, to structure a case for the efficient administration of justice . . . .").

[3] *E.g., Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-22 (5th Cir. 2010); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (even when the requirements for permissive joinder under Rule 20(a) are met, a district court must examine whether joinder would comport with principles of fundamental fairness or would result in prejudice to either side).

[4] *E.g., CVI/Beta Ventures, Inc.*, 896 F.Supp. at 506.

[5] *See, e.g., Acevedo*, 600 F.3d at 522 ("wide discretion"); *see also Coleman*, 232 F.3d at 1297 ("broad discretion," in a Ninth Circuit case decided under Rule 20(b)); *see generally* 7 C. Wright, *et al.*, *Federal Practice & Procedure: Civil* § 1689, at 515-16 (3d ed. 2001) ("Questions of severance are addressed to the broad discretion of the district court."); 4 J. Moore, *Moore's Federal Practice* § 21.02, at 21-10 (3d ed. 2013) ("The Rule vests great discretion in the court in determining whether . . . to order severance.").

they suffer from physical disabilities and have been disadvantaged due to the Level System.  (Dkt. no. 1-2 at 26-81.)

Nevertheless, in exercising its discretion under Rule 20, the Court must consider whether joinder will facilitate prompt and efficient disposition of the litigation given the real challenges unique to prisoners' *pro se* cases. Three federal circuits have addressed the appropriate handling of joinder of claims in the context of prisoner's *pro se* litigation. *See Hagan v. Rogers*, 570 F.3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001).

In *Hubbard*, the Eleventh Circuit affirmed a district court order dismissing a multi-plaintiff action and directing that multiple separate actions instead be opened by the clerk. The appellate panel held that separate suits were required in order to satisfy the requirement under the Prison Litigation Reform Act ("PLRA") that each prisoner pay a full filing fee. The panel rejected the plaintiffs' argument that permissive joinder of the multiple plaintiff prisoner claims was authorized under Rule 20. The panel held that "to the extent that the Rules Enabling Act, as expressed in Rule 20, actually conflicts with the PLRA, we hold that the statute repeals the Rule." 262 F.3d at 1198.

In *Boriboune*, the Seventh Circuit reversed a district court order that similarly had dismissed a multi-plaintiff prisoner action without prejudice. The panel agreed with the Eleventh Circuit that each plaintiff must pay a full filing fee pursuant to the PLRA. The panel did not agree, however, that the PLRA repealed Rule 20 by implication. The Seventh Circuit held that district courts within that circuit must accept complaints filed by multiple prisoners if the criteria for permissive joinder are satisfied but then must apply the PLRA fee payment requirements to each plaintiff separately.

In *Hagan*, the Third Circuit reversed a district court order dismissing all but one of the multiple plaintiffs' claims with leave to file individual complaints on the basis that the PLRA barred permissive joinder under Rule 20. In *Hagan*, fourteen (14) inmates in the Adult Diagnostic & Treatment Center in Avenel, New Jersey, had filed a joint complaint

4

alleging that prison officials failed to contain and treat a serious and contagious skin condition. The panel agreed with the Eleventh and Seventh Circuits that each prisoner plaintiff must pay the full filing fee pursuant to the PLRA. On the question of joinder, the Third Circuit agreed with the Seventh Circuit that the PLRA did not impliedly repeal Rule 20, thus disagreeing with the Eleventh Circuit. 570 F.3d at 152-56.

The *Hagan* panel further discussed the district court's reliance generally upon difficulties in multi-plaintiff prisoner litigation as a factor rendering joint pursuit of the litigation impracticable. The practical difficulties canvassed by the district court included: (a) logistical difficulties in each plaintiff reviewing the same unchanged draft filing and signing each paper filed, as required by the federal rules; (b) difficulties in conferring jointly regarding the litigation in the prison setting, even within a single institution, with concomitant efforts by the inmates to compel prison authorities to override security and housing decisions on account of the litigation; (c) the prospect that co-plaintiffs could be transferred to other facilities during the possible multi-year course of the litigation, making joint action even more problematic; and (d) the possibility of coercive action between inmates with regard to joint litigation. The Third Circuit concluded that the district court's reliance upon such factors was tantamount to a holding that prisoners do not constitute "persons" under Rule 20. So construed, the panel held that the district court's reliance on these factors constituted error. The panel noted that the facility in question was only a "relatively small facility" with 600 inmates, that all of the plaintiffs had signed all of the filings, and that nothing in the record suggested that joint litigation would not be manageable. 570 F.3d at 156-57 & n.4.

At the district court level, decisions from a number of federal district courts, including from this district, have come to the conclusion that severance — under Rule 21 — often is appropriate in multi-plaintiff prisoner cases, given the practical realities of pursuing joint prison litigation within a large state prison system. *See, e.g., Quintero v. Palmer*, No. 3:13-cv-00008-MMD-VPC, dkt. no. 7 (D. Nev. July 1, 2013); *Jarvis v. Nye County Detention*, No. 2:08-cv-01407-PMP-PAL, dkt. no. 14 (D. Nev. Feb. 6, 2009);

*Davis v. United States*, 2007 WL 2225791 (E.D. Cal. July 31, 2007); *see also Hershberger v. Evercom, Inc.*, 2008 WL 45693 (D. Kan. Jan. 2, 2008) (similar).

Northern Nevada Correctional Center is a multi-purpose facility that is nearly three times larger than the small, apparently single-purpose facility involved in *Hagan*. One of the multiple purposes served by NNCC is that it functions as the intake center for the northern region of the state. At any given time, inmates therefore may be transferred from NNCC to any one of five other correctional facilities for males across the state, over and above numerous conservation camps, all together collectively housing nearly 13,000 inmates. It is the Court's experience that such transfers can and do happen frequently over the course of extensive ongoing prisoner litigation in this district, a circumstance that, of course, is compounded when more than one plaintiff is involved.[6] The Court is not inclined to second-guess security and housing decisions made by correctional officers in running a large statewide prison system.

However, some of the practical difficulties that are often encountered and may pose challenges in joint prison litigation in the Nevada state prison system are not present in these three cases: all three Plaintiffs are inmates at the same facility (NNCC), all three Plaintiffs are within the same security level within the prison (Level II), all three Plaintiffs have signed their individual court documents, and all three Plaintiffs have filed separate *in forma pauperis* applications. The absence of these practical challenges tips the scale in favor of joinder to ensure efficient disposition of the three cases before the Court.

Accordingly, the Court will permit joinder with the following conditions. First, each Plaintiff must sign each filing submitted because they are not permitted to engage in the unauthorized practice of law by signing on behalf of each other. Second, Plaintiffs will not be given special treatment or accommodation to meet and confer in order to review

[6]For the particulars about the prison system, the Court takes judicial notice of the content on the state corrections department's website, at http://www.doc.nv.gov/, under the "Facilities" as well as under "Statistics" under "About NDOC."

and sign their papers for filing. Third, joinder does not affect each Plaintiff's *in forma pauperis* status or his obligation to pay his own filing fee through installment payments drawn from his inmate trust account. In other words, each Plaintiff will continue to be responsible for his $350.00 filing fee which will be deducted from his individual inmate trust account.[7] Finally, the Court may impose other restrictions to ensure efficient disposition of these three cases as the case progresses.

While the Court will permit joinder of these three actions for now, it cautions Plaintiffs that they may only represent themselves, as a non-attorney may only appear on his or her own behalf. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Should the Court determine at a later date that Plaintiffs are attempting to represent others, or that one of the three Plaintiffs is attempting to represent the other two, the actions will be severed. Moreover, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

In sum, the Court will seek to adjudicate the claims of the three Plaintiffs in a single action, subject to reconsideration of the issue if circumstance should change. On the papers filed and in the circumstances presented in the three cases, the Court finds that the claims filed by the multiple plaintiffs should be joined into one combined action pursuant to Rule 20, under the terms and conditions set forth in this Order.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that:

1.   Plaintiff's application to proceed *in forma pauperis*. (Dkt. no. 1) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.   Plaintiff's motion for joinder of parties and actions (dkt. no. 15) is granted.

---

[7]Joinder does not obviate the individual filing fee requirement

3. Case nos. 3:15-cv-00118-MMD-VPC, 3:15-cv-00124-MMD-VPC, and 3:15-cv-00126-MMD-VPC are hereby joined in one combined action: Case number 3:15-cv-00118-MMD-VPC ("Consolidated Action"). All future filings must be made in the lead Case No. 3:15-cv-00118-MMD-VPC.  The Clerk is instructed to close the member cases: 3:15-cv-00124-MMD-VPC, and 3:15-cv-00126-MMD-VPC.

4. Plaintiffs in the Consolidated Action are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

5. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiffs' accounts (Andre Boston, 27846, Edward Seely, 83449, and William Lyons, 79249), in the months that any individual account exceeds $10.00, until each individual Plaintiff in the Consolidated Action has paid their own, separate, and full $350.00 filing fee for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7911, Carson City, NV 89702.

6. The Clerk of the Court will electronically serve a copy of this order and a copy of Plaintiffs' complaint (dkt. no. 6) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

7. Subject to the findings of the screening order (dkt. no. 5), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for

whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office must file, *under seal*, but will not serve the inmate Plaintiffs the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

8.  If service cannot be accepted for any of the named defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

9.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

10. Henceforth, Plaintiffs must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiffs must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If the counsel has entered a notice of appearance, Plaintiffs will direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

///

11. It is further ordered that Plaintiff's motion for scheduling order (dkt. no. 13) is denied as moot.

12. It is further ordered that Plaintiff's motion to disregard Defendants' opposition to motion for joinder (dkt. no. 17) is denied as moot.


DATED THIS 1st day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE